# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ROBERT J. MOTEN,                                                                                                    PETITIONER
ADC# 104692

v.                                                        5:14CV00024-JLH-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                                                        RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Before the Court is Mr. Moten's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 5). For the following reasons, this Court recommends Mr. Moten's Petition be DISMISSED with prejudice.

**I.     BACKGROUND**

On March 17, 2010, after a bench trial, Mr. Moten was convicted of battery in the first degree and battery in the second degree in the Arkansas County Circuit Court and was sentenced to twenty-two years imprisonment in the Arkansas Department of Correction. (Doc. No. 14-1.) Mr. Moten appealed, and the Arkansas Court of Appeals affirmed his convictions on June 1, 2011. *Moten v. State,* 2011 Ark. 417. (Doc. No. 14-2.) The court recited the evidence presented at trial as follows:

> On February 4, 2007, Iesha Timmons and Curtis Abrams were at Po-Dave's in Stuttgart for a birthday party for Iesha's cousin. [Moten]'s friend, Jonathan Jones (J.R.), approached Iesha in a drunken state, began dancing with her, and put his hands down the back of her pants. When Iesha pushed him away, J.R. came toward her in a threatening manner. Curtis then intervened and "bumped chests" with J.R., who ended up on the floor. At that point, [Moten] came up behind Curtis and stabbed him in the back, the side, and in the buttocks with a knife. Iesha, who thought [Moten] had only struck Curtis with his hand, pulled [him] away from Curtis and consequently was cut twice on the arm. Iesha's wounds were not serious, but Curtis's intestines were exposed, requiring hospitalization and surgery.

*Id.*

Mr. Moten filed a timely petition for post-conviction relief pursuant to Ark. R. Crim. P. 37 on July 20, 2011. (Doc. No. 14-3.) He claimed ineffective assistance of counsel under the Sixth Amendment because his counsel: 1) failed to challenge the validity of his arrest warrant and corresponding affidavit for arrest; 2) failed to subpoena and question witnesses; and 3) failed to file a motion to dismiss on the ground of a speedy-trial violation. (*Id.*) On September 6, 2011, the circuit court denied relief without a hearing. (Doc. No. 14-4.) The Arkansas Supreme Court affirmed the circuit court's decision on December 5, 2013. *Moten v. State,* 2013 Ark. 503 (Doc. No. 14-5.)

Mr. Moten timely filed the instant 28 U.S.C. § 2254 Petition on February 5, 2014 (Doc. No.5) alleging his trial counsel was ineffective. Mr. Moten specifically states he was "arrested, convicted and sentenced without even a scintilla of probable cause, procedural due process and equal protection, and was denied a fundamental fair trial as his defense counsel's performance was deficient" in violation of the Constitution. (Doc. No. 5 at 6.) After careful review of the Amended Petition, for the following reasons, the Court recommends Mr. Moten's Amended Petition for Writ of Habeas Corpus be denied.

**II.    ANALYSIS**

"In the interests of finality and federalism," federal habeas courts, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004). Under the AEDPA, federal review of underlying state court decisions are limited because federal courts may only grant habeas relief if the claim was adjudicated on the merits in the state court proceeding and the state court's decision:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

  (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); see also *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).  The federal law must be clearly established at the time the petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 380-83 (2000).

  Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than the [United States Supreme] Court has on a set of materially indistinguishable facts."  *Williams*, 529 U.S. at 412-13; see also *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007).  A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Williams*, 529 U.S. at 413.

  Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record."  *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003).  Such is not the case here.  The Arkansas Supreme Court reasonably adjudicated Mr. Moten's claims of ineffective assistance of counsel.

  When reviewing an underlying state court's decision on the merits of an inmate's claims, a federal court will "undertake only a limited and deferential review."  *Worthington v. Roper*, 631 F.3d 487, 495 (8th Cir. 2011).  In cases where the petitioner challenges a state court's adjudication on the

merits, federal habeas relief will not be granted unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States[,] or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"A state court decision is 'contrary to' clearly established federal law if it either 'arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law' or 'decides a case differently than th[e] [Supreme] Court has on a set of materially distinguishable facts.'" *Worthington*, 631 F.3d at 495. Additionally, "[a] state court 'unreasonably applies' Supreme Court precedent if it 'identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.' " *Id.* (quoting *Williams* at 412-13.)

### A. Ineffective Assistance of Counsel

Respondent argues that the Arkansas Supreme Court in *Moten v. State,* 2013 Ark. 503, correctly identified the governing federal law for ineffectiveness claims as *Strickland v. Washington*, 466 U.S. 668 (1984). This Court agrees. *Strickland* establishes a two-element test for ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland,* 466 U.S. at 687.

Following *Strickland*, the Arkansas Supreme Court held that Mr. Moten failed to show a

reasonable probability that, absent his counsel's alleged errors, the outcome of his trial would have been different. With regard to Moten's challenge to the validity of the arrest warrant, the Court stated:

> [T]hough appellant argues on appeal that his conviction and sentence are the result of an invalid arrest warrant and are, thus, "fruits of the poisonous tree," he does not allege that any evidence or statements used at trial were obtained as a result of the arrest. Rather, appellant's sole argument is that counsel should have challenged the validity of the arrest warrant and that, because counsel failed to make such a challenge, prejudice ensued.

*Moten v. State,* 2013 Ark. 503.

Under the two-prong *Strickland* test, a petitioner raising a claim of ineffective assistance of counsel must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Strickland,* 466 U.S. at 688. As the Arkansas Supreme Court correctly found, Mr. Moten fails to make such a showing. "Failure to make a meritless objection or motion does not constitute ineffective assistance of counsel." *Moten,* 2013 Ark. 503.

Likewise is the case with Mr. Moten's claim that his counsel was deficient for failing to subpoena certain witnesses. The Arkansas Supreme Court stated:

> [Moten's] argument rests on his contention that the affidavit for arrest contained false information, namely, that [he] was seen in possession of a knife. As previously noted, however, any challenge to or testimony concerning the validity of the arrest warrant would have had no effect on the outcome of the trial; thus, [Mr. Moten] cannot demonstrate prejudice resulting from counsel's failure to subpoena the six police officers. Moreover, the failure to call witnesses whose testimony would be cumulative to testimony already presented does not deprive the defense of vital evidence. . . . [Mr. Moten] contends that the six police officers would have testified that [he] was not actually seen in possession of a knife. This same information was presented through the testimony of the two victims, both of whom testified that they did not actually see [him] in possession of a knife or any other cutting instrument. Finally, as the circuit court noted in its order, [Moten's] counsel informed the court prior to proceeding to trial that no witnesses had been subpoenaed and questioned [Mr. Moten] on the record whether he wished to proceed to trial without subpoenaing

6

> witnesses. [He] responded that he was comfortable without the witnesses. For these reasons, we find no error in the circuit court's order denying relief and affirm on this point.

*Id.*

Afer careful review of the Amended Petition and Response, this Court concludes that the state's highest court's findings did not entail an unreasonable application of federal law on any point. In reviewing an ineffective assistance claim under the "unreasonable application" clause of § 2254(d)(1), "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). The Arkansas Supreme Court reasonably applied *Strickland* to the facts of Mr. Moten's case. Even if Mr. Moten can show his counsel was deficient, this Court agrees with the Arkansas Supreme Court that Mr. Moten is unable to overcome the burden to show the requisite prejudice.

**B. Procedural Default**

Respondent also argues that some of Mr. Moten's claims are procedurally defaulted. Specifically, Respondent argues that the Arkansas Supreme Court identified some claims not properly before the court. (Doc. Nos. 14 at 4; 14-5 at 9.) On direct appeal, Mr. Moten only challenged his waiver of his right to a jury trial. *Moten v. State*, 2011 Ark. App. 417. So any claims not raised on direct appeal or through his Rule 37 petition are procedurally defaulted.

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *See* 28 U.S.C. §2254(b) (stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding). This requirement is in place to afford the state the

opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.") (citations omitted). A federal court is precluded from substantively considering a habeas corpus claim that a state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds. *Clemons v. Luebbers,* 381 F 3d 744, 750 (8th Cir. 2004).

Where procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). After careful review, the Court concludes that Mr. Moten fails to show any cause and prejudice.

Nevertheless, a federal habeas petitioner who has procedurally defaulted may be able to proceed if he can prove actual innocence. *Id.* To prove actual innocence, a petitioner must present (1) "new and *reliable* evidence that was not presented to the state courts," and (2) that in light of the new evidence "it is more likely than not that no reasonable juror would have convicted him." *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997) (emphasis added). The "actual innocence gateway is very limited." *Id*. "Few petitions are within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Id*. (citations omitted). This exception only applies to claims of actual innocence and not legal innocence. *Anderson v. United States*, 25 F.3d 704, 707 (8th Cir.

1994).

Here, Mr. Moten argues actual innocence but has not offered any newly-discovered, reliable evidence. So the claims not raised in the state courts are procedurally defaulted and should be dismissed.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which Mr. Moten has made a substantial showing of a denial of a constitutional right. Thus, the certificate of appealability should be denied.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Moten's Petition and Amended Petition for Writ of Habeas Corpus (Doc. Nos. 2, 5) be DISMISSED with prejudice and the requested relief be DENIED.

2. A certificate of appealability be denied.

DATED this 24th day of April, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE